**No. 51960.**—W. R. Zanes & Co. v. United States, protest 52408–K (Galveston).

MOLLISON, Judge:   The merchandise involved in this case is mahogany lumber on which a tax or duty at the rate of $3 per thousand feet, board measure, was assessed by the collector of customs under the provisions of section 3424 of the Internal Revenue Code (26 U. S. C. 1940 ed. §3424).   The claim made in the protest is that the said tax or duty was computed and assessed on the basis of an excessive number of board feet.

The record establishes the correctness of the plaintiff's claim.   It appears that the merchandise was described on the invoice by figures indicating the number of surface or superficial feet, followed by figures indicating the thickness of the lumber.   The figures for thickness were given in quarters of an inch, for example, 4/4 indicating lumber one inch thick, and 5/4 indicating lumber one and one-quarter inches thick.

The plaintiff produced as its witness the lumber inspector in the employ of the ultimate consignee who measured and inspected the mahogany in question.   He testified that from the result of his measurement of the shipment with a standard board ruler he found the actual number of board feet contained in the shipment to be within 30 or 40 board feet of the invoiced quantity, 12,099 board feet.

The liquidator in the collector's office who liquidated the entry in question testified that he interpreted the figures on the invoice showing superficial or surface feet as indicating merely the length of the pieces of lumber and the following figures which showed the thickness, as indicating the width and thickness.   For example, the first item on the invoice is described as follows:

5,035 sf 4/4 No. 1 Com. Mahogany Lumber planed one edge

The liquidator took that as meaning a quantity of lumber 5,035 feet long, 4 inches wide, and 4 inches thick, whereas in fact the figure 5,035 represented superficial area, that is, length times width, and the 4/4 showed the lumber to be one inch thick.

The liquidator testified that if the descriptions on the invoice which he took to refer to width and thickness, e. g., 4/4, actually referred to fractions of an inch in thickness, the correct board measurement of the lumber in question would be as indicated in the invoice, i. e., 12,099 board feet.   Since this is shown to be the fact, the protest claim that the tax or duty imposed should be computed on the basis of 12,099 board feet is sustained, and judgment will issue directing the collector to reliquidate the entry accordingly.